IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| L.C. GIPSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:16-CV-435-O |
| | § | (NO. 4:93-CR-005-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the motion of L.C. Gipson, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, other documents filed by movant, the record, including the record in the underlying criminal case, No. 4:93-CR-005-O, styled "United States v. L.C. Gipson, et al.," and applicable authorities, finds that the motion should be dismissed as untimely.

## I. BACKGROUND

The record in the underlying criminal case reflects the following:

On January 1, 1993, movant was named along with others in a seven-count indictment charging him in count one with conspiracy to obstruct commerce by robbery, in counts two, four, and six with obstruction of commerce by robbery, and in counts three, five, and seven with using and carrying a firearm during and in relation to the commission of a crime of violence, namely, obstruction of commerce by robbery. CR Doc.[1] 17. Movant was tried by a jury and found guilty on all counts. CR Doc. 5, ¶ 1. Movant was subject to the career offender provisions because he

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:93-CR-005-O.

was at least 18 years old at the time of the offenses described in the indictment, which were felonies that were crimes of violence, and movant had at least two prior felony convictions of crimes of violence. *Id.* ¶ 46. (Movant had two convictions for aggravated robbery with a deadly weapon for which he received ten-year sentences, *id.* ¶¶ 52, 53, and seven convictions for robbery by threats, for which he received sentences of life imprisonment. *Id.* ¶¶ 54–60.) Movant was sentenced to terms of imprisonment of 210 months on each of counts one, two, four, and six, to run concurrently with each other; a term of imprisonment of 60 months as to count three, to run consecutively to the sentences on counts one, two, four, and six; a term of imprisonment of 240 months as to count five, to run consecutively to the sentences on counts one, two, three, four, and six; and a sentence of 240 months as to count seven, to run consecutively to the sentences on counts one, two, three, four, five, and six, for a total term of imprisonment of 750 months. CR Doc. 8.

## II. THE SECTION 2255 MOTION

On June 8, 2016, the clerk received for filing movant's motion under 28 U.S.C. § 2255. Doc.[2] 1. On July 28, 2016, the clerk filed movant's motion for leave to supplement his previously filed motion, Doc. 3, which the Court granted. Doc. 4. The Court also ordered the government to file a response to the § 2255 motion. Doc. 5. In response, the government filed a motion to stay the litigation pending the Supreme Court's ruling in *Beckles*. Doc. 6. The Court granted the stay. Doc. 8. The Supreme Court issued its opinion. *Beckles v. United States*, 137 S. Ct. 886 (2017). Movant filed a motion to reopen the case, Doc. 9, and the Court granted the motion. Doc. 10. The Court ordered movant to show cause why his motion should not be dismissed as time-barred, Doc.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

11, and movant filed a response. Doc. 12. Whether movant should be allowed to proceed is the issue before the Court.

Movant asserts four grounds in support of his motion. First, he says that the Court erred in allowing two excludable prior convictions in its career offender calculation. He says that in light of *Johnson v. United States*, 135 S. Ct. 2251 (2015), he is not a career offender. Doc. 1 at 4. Second, he says that the Court erred in allowing count one of the indictment to support counts three, five, and seven. *Id.* at 6. Third, he says that the Court erred in allowing counts three, five, and seven, because they are unconstitutional. *Id.* at 7. And, fourth, he says that the Court erred in allowing ineffective assistance of counsel.[3] *Id.* at 10. In his supplement, movant argues that his convictions under counts two, four, and six are not crimes of violence under 18 U.S.C. § 924(c)(1)(A). Doc. 3.

In addition to the first motion to supplement, which was granted, movant has filed four additional motions for leave to supplement. By motion filed October 28, 2016, he sought leave to clarify the argument in grounds 2 and 4. In support of ground 2, he argues that conspiracy will not support a § 924(c) conviction. In support of ground 4, he argues that his counsel lost documents that were admitted into evidence and admitted that he was incompetent. Doc. 7. By motion filed June 5, 2017, movant sought leave to correct an error, saying that he was really charged with attempted robbery, not robbery, in count six. Doc. 13. By motion filed April 15, 2019, movant sought leave to cite another case in support of his *Beckles* argument. Doc. 14. And, by motion filed July 29, 2019, movant sought leave to amend to cite another case in support of his contention that

---

[3] This ground is clearly time-barred as movant is complaining of something that happened at trial.
3

Hobbs Act robbery is not a proper enhancement for career offender guidelines. Doc. 15. The Court need not rule on these motions.

### III. TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

In this case, movant argues that subsection (3) applies and that his motion is timely because it was filed within one year of the Supreme Court's opinion in *Johnson*. Doc. 12. Basically, his argument is that *Johnson*, which struck the residual clause of the Armed Career Criminal Act as unconstitutionally vague, is equally applicable to the residual clause of § 4B1.2 of the United States Sentencing Guidelines. Movant recognizes that the issue was decided unfavorably to him by the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886 (2017). Doc. 12 at 2. He relies on the concurring opinion of Justice Sotomayor to "leave [an] opening" for him.[4] *Id.*

---

[4] Justice Sotomayor suggested in her concurrence that persons sentenced during the period prior to *United States v. Booker*, 543 U.S. 220 (2005), when the guidelines were mandatory, might be able to mount vagueness attacks on

4

As movant must concede, and the Fifth Circuit has determined, the right movant seeks to assert is a new right that the Supreme Court has not yet recognized. *United States v. London*, 937 F.3d 502 (5th Cir. 2019). Consequently, movant's motion is untimely and must be dismissed. *Id.*

## IV.  CONCLUSION

For the reasons discussed herein, movant's motion is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 28th day of April, 2021.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

their sentences. *Beckles v. United States*, 137 S. Ct. 886, 903 n.4 (2017) (Sotomayor, J., concurring).